**William E. JOHNSON and James W. Kline, Plaintiffs-Appellants,**

v.

**James ROSE, Warden, Tennessee State Penitentiary, Respondent-Appellee.**

No. 75–2424.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 18, 1976.

Decided Dec. 13, 1976.

William E. Johnson, James W. Cline, Nashville, Tenn., W. Henry Haile, Nashville, Tenn. (Court-appointed CJA), for plaintiffs-appellants.

R. A. Ashley, Jr., Atty. Gen. of Tenn., R. Jackson Rose, Michael E. Terry, Nashville, Tenn., for respondent-appellee.

Before PECK, McCREE and LIVELY, Circuit Judges.

PER CURIAM.

Petitioners appeal from denial of their joint application for habeas corpus. Petitioners were convicted of murder by a jury in the Circuit Court of Bradley County, Tennessee, and appealed unsuccessfully through the state courts.

The petitioner Johnson testified at the murder trial and attempted to establish an alibi. He stated that he was at the home of a girl at the time of the killings. Both Johnson and Kline are Negroes. On cross-examination the prosecutor was permitted, over objection, to ask if the woman Johnson referred to was white, whether the defendant was the father of her child or children and whether he had had intercourse with the white woman "that morning," apparently referring to the day of the homicide.

Respondent argues that the purpose of the cross-examination of Johnson was to show that the person he claimed as an alibi witness was present in the court room and available to testify, from which it could be assumed that if Johnson failed to call her, she would not support his alibi. Of course, at this point the defendants had not rested and no one knew whether Johnson would call an alibi witness or not. Assuming that it was proper to require the witness to

identify the person at whose home he claimed to have been at the time of the killing, no justification has been presented, or even suggested, for injecting into this case the highly prejudicial questions about the relationship between Johnson and the woman. This court has characterized appeals to racial prejudice by a United States Attorney as "foul blows." *United States v. Grey,* 422 F.2d 1043, 1046 (6th Cir. 1970).

■ The respondent argues that the questions to Johnson were proper cross-examination under Tennessee law and that no rights under the Constitution of the United States were involved. We disagree. The injection of irrelevant and inflammatory subject matter so tainted the entire trial that it denied both defendants that fundamental fairness which is the essence of due process.

■ The petitioners also contend that the Fourteenth Amendment was violated by systematic exclusion of Negroes from the grand jury which indicted them and the petit jury which convicted them. A different petit jury will be chosen if the state elects to retry the petitioners, and its composition is not known at this time. The record amply supports the conclusion of the district court that no systematic racial exclusion or discrimination was practiced in selection of the grand jury.

The judgment is reversed and the cause is remanded to the district court with directions to grant Johnson and Kline a writ of habeas corpus releasing them from custody unless the State of Tennessee grants them a new trial within a reasonable time.